UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61448-CIV-COHN/SELTZER

DONN LILES,

    Plaintiff,

vs.

STUART WEITZMAN LLC,

    Defendant.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR STAY EXECUTION OF JUDGMENT AND REQUEST FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY REQUESTS

**THIS CAUSE** is before the Court upon Plaintiff Donn Liles's Motion for Stay Execution of Judgment and Request for Extension of Time to Respond to Discovery Requests [DE 87] ("Motion"). The Court has considered the Motion, Defendant Stuart Weitzman, LLC's Response [DE 88], Plaintiff's Reply [DE 91], the record in this case, and is otherwise advised in the premises.

Plaintiff Don Liles filed this age discrimination action on September 14, 2009. See DE 1. The Court granted summary final judgment in favor of the Defendant on June 17, 2010 [DE 66, 68]. On July 7, 2010, Plaintiff filed a Notice of Appeal [DE 71]. Thereafter, on September 8, 2010, the Court entered Final Judgment for Costs [DE 85] in favor of Defendant in the amount of $6,326.18. On September 13, 2010, Defendant served Plaintiff with its Request for Production to Plaintiff in Aid of Execution [DE 88-2] and Interrogatories to Plaintiff in Aid of Execution [DE 88-1]. The deadline for Plaintiff to respond to the discovery requests was October 18, 2010, but as of that date, Plaintiff was still in the process of obtaining a supersedeas bond for the required amount, for

which Plaintiff was selling certain non-liquid assets. DE 87 ¶ 5. Accordingly, in his Motion, Plaintiff requested a stay of execution on the final judgment entered in this case and on the pending discovery requests regarding executing the judgment in order to complete his sales and the necessary requirements to obtain the bond. Id. Afterward, Plaintiff completed his sales, and on November 8, 2010, he obtained a cashier's check for the amount of the supersedeas bond. DE 91 at 1; DE 91-1. In his Reply, Plaintiff stated that he was planning to overnight his bond application and the fully collateralized funds to the bond company on November 8, 2010. DE 91 at 1.

Southern District of Florida Local Rule 62.1 governs the Court's decisions regarding the amount of a supersedeas bond and the time permitted for filing the bond S.D. Fla. 62.1(a), (b). Local Rule 62.1 states:

> **(a) Appeal Bond.** A supersedeas bond staying execution of a money judgment shall be in the amount of 110% of the judgment, to provide security for interest, costs, and any award of damages for delay. Upon its own motion or upon application of a party the Court may direct otherwise.
>
> **(b) Extension of Automatic Stay When Notice of Appeal Filed.** If within the fourteen (14) day period established by Federal Rule of Civil Procedure 62(a), a party files any of the motions contemplated in Federal Rule of Civil Procedure 61(b), or a notice of appeal, then unless otherwise ordered by the Court, a further stay shall exist for a period not to exceed thirty (30) days from the entry of the judgment or order. The purpose of this additional stay is to permit the filing of a supersedeas bond, which shall be filed by the end of the thirty (30) day period provided herein.

S.D. Fla. L.R. 62.1(a).

In opposing the requested stay, Defendant contends that these rules allow Plaintiff no more than 30 days from the entry of judgment to file his supersedeas bond, DE 88 at 5, but Local Rule 62.1 grants the Court discretion to vary the length of the stay. See S.D. Fla. 62(b) ("unless otherwise ordered by the Court"). Defendant also

expresses concern that "Defendant is without protection to prevent any potential actions by Plaintiff to hide his assets in order to avoid paying the judgment entered against him." DE 88 at 5. In reply, Plaintiff attached a copy of his cashier's check for $7,326.30, an amount over 110% of the judgment. See DE 91-1. Defendant's concern is thereby moot.

In light of the forgoing, the Court finds that a stay of execution of the final judgment and extension of the deadline for Plaintiff to respond to Defendant's discovery request is warranted. Pursuant to Federal Rule of Civil Procedure 62(d), the Court will consider Plaintiff's supersedeas bond for approval once it is filed. See Fed. R. Civ. P. 62(d). See id. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion is **GRANTED**.
2. Execution of the Final Judgment for Costs is extended until **November 17, 2010**.
3. The deadline for Plaintiff to respond to Defendant's September 13, 2010 discovery requests is extended until **November 17, 2010**.
4. Plaintiff is directed to file his supersedeas bond with the Court no later than **November 17, 2010**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of November, 2010.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF